# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ERNEST A. SWINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 25-04011-CV-C-BP |
| DEPARTMENT OF LABOR, | ) ) ) |
| Defendant. | ) ) |

## ORDER (1) AFFIRMING DENIAL OF IN FORMA PAUPERIS STATUS AND (2) DENYING IN FORMA PAUPERIS STATUS ON APPEAL

Plaintiff, proceeding pro se, filed this suit in January 2025 and sought leave to proceed in forma pauperis. The case was randomly assigned to the Honorable Willie J. Epps, Jr., United States Magistrate Judge for this District. Judge Epps denied Plaintiff's Motion for Leave to Proceed in Forma Pauperis. (Doc. 2.)

Plaintiff then filed (1) a Notice of Appeal and (2) a Motion for Leave to Appeal in Forma Pauperis. Judge Epps issued a Report recommending that this Motion be denied. (Doc. 9.) The case was then randomly reassigned to the undersigned, and thereafter Plaintiff filed Objections to Judge Epps's Report and Recommendation. In an abundance of caution, and as part of its de novo review of Judge Epps's Report, the Court has conducted a de novo review of Judge Epps's original decision denying Plaintiff leave to proceed in forma pauperis. Having conducted that review, the Court now concludes both of Plaintiff's requests to proceed in forma pauperis should be denied.

Plaintiff's suit involves 29 U.S.C. § 504(a), which (in part) prohibits individuals with certain convictions from serving in various capacities with a labor union for thirteen years following the conviction or completion of the sentence. A person who willfully violates this prohibition may be convicted for committing a crime. 29 U.S.C. § 504(b). Here, Plaintiff alleges

he was prohibited from running for office with a union because of his prior conviction. (Doc. 1-1, p. 5.) His Complaint alleges this provision violates the United States Constitution and asks for (1) a $650,000 judgment against the United States Department of Labor and (2) an Order compelling the Department of Labor to amend the statute. (Doc. 1-1, pp. 5-6.)

29 U.S.C. § 1915(e)(2) provides leave to proceed in forma pauperis should not be granted if the action (1) is frivolous or malicious; (2) fails to state a claim for which relief can be granted, or (3) seeks monetary relief from a defendant who is immune to such relief. Here, Judge Epps determined the Department of Labor is immune from the relief Plaintiff sought in his complaint, (*see* Doc. 2), and after reviewing the matter de novo, the undersigned agrees. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), and there has been no waiver permitting Plaintiff to sue the Department of Labor to recover monetary damages. Plaintiff's request for an Order requiring the Department of Labor to change § 504 does not alter the outcome; the request is frivolous because the Department of Labor cannot change the statute.

Having confirmed Plaintiff should not be allowed to proceed in this Court in forma pauperis, the Court now turns to his request to proceed in forma pauperis on appeal. Judge Epps recommended that the request be denied because the appeal lacks an arguable basis in fact or law. (Doc. 9.) "[A]n appeal on a matter of law is frivolous where none of the legal points are arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, it cannot be argued that the United States Government has waived its sovereign immunity so that it (or the Department of Labor) may be liable for the monetary judgment Plaintiff seeks. It also cannot be argued that the

Department of Labor can be ordered to change a statute. Therefore, the Court adopts Judge Epps's Report and denies Plaintiff's Motion for Leave to Appeal in Forma Pauperis.

**IT IS SO ORDERED.**

Date: March 3, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT